**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } | |
| Plaintiff, | } } } } } } } | CIVIL ACTION NO. |
| **ALLIANCE RENTAL CENTERS, LP.** | } } | JURY TRIAL DEMAND |
| Defendant. | } } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of religion and to make whole Tyler Templeton. The Defendant violated Title VII by failing to accommodate Tyler Templeton's religious beliefs, which resulted in his termination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 2000e5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful are subject to the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant has been and are now doing business in the State of Texas and the City of Bridgeport, and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tyler Templeton filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2008, the Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when it failed and refused to reasonably accommodate the religious beliefs of Tyler Templeton and discharged him based on his religion, Jehovah's Witness. Specifically, the Defendant denied Templeton's request to be excused from wearing red uniform shirts on Friday as a symbol of support for the troops; this gesture violated Templeton's religious beliefs. When Templeton continued to refusing to wear red shirts on Friday, Defendant terminated his employment.

8.      The result of the foregoing practices has been to deprive Tyler Templeton of equal employment opportunities because of his religion, Jehovah's Witness.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Tyler Templeton.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion.

B.      Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Tyler Templeton and eradicate the effects of its past and present unlawful employment practices.

C.      Order the Defendant to make whole Tyler Templeton by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement or front pay in lieu thereof.

D.      Order the Defendant to make whole Tyler Templeton by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, and emotional distress, in amounts to be determined at trial.

  E. Order the Defendant to pay Tyler Templeton punitive damages for its malicious conduct or reckless indifference to Tyler Templeton's federally protected rights as described in paragraphs 7 and 10 above, in an amount to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN REAMS
        Associate General Counsel

        /s Robert A. Canino
        _____
        ROBERT A. CANINO
        Regional Attorney
        Oklahoma State Bar No. 011782

        /s Toby W. Costas_____
        TOBY W. COSTAS
        Supervisory Trial Attorney
        Texas Bar No. 04855720

        /s Meaghan L. Shepard_____
        MEAGHAN L. SHEPARD
        Trial Attorney
        Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston St., 3rd Floor
Dallas, Texas 75202

(214) 253-2746
(214) 253-2749 (FAX)